# United States District Court
# Northern District of Indiana

| | | |
|---|---|---|
| KHUTB UDDIN, et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:09-CV-13 JVB |
| | ) | |
| | ) | |
| RACHEL GUM, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on Defendant's motion to exclude expert testimony (DE 15). For the reasons stated below, the motion is DENIED.

**A.     Background and Facts**

Plaintiff Mairaj Uddin was involved in an automobile collision with Defendant Rachel Gum on December 21, 2006. This litigation followed.

Magistrate Judge Christopher A. Nuechterlein ordered Plaintiffs to serve reports from retained experts under Federal Rule of Civil Procedure 26(a)(2) by September 19, 2009. Sometime before the deadline, Plaintiffs served Defendant with the report of Mark V. Reecer, M.D. On September 16, 2009, Defendant moved to exclude the report on the grounds that it lacked the detail required by the rule and that it did not include a list of all other cases in which Dr. Reecer had either testified or given a deposition in the last four years, as required by Rule 26(a)(2)(B)(v).

In their response brief filed on September 23, 2009, Plaintiffs disclosed that on September 18, 2009, before the expiration of the deadline, they provided Defendant with the

omitted list of cases and a somewhat more detailed report. Defendant replied that the supplemental report was still inadequate and that the list of cases consisted only of the names of patients and the dates of depositions or meetings, without court case names or cause numbers.

Plaintiffs filed a sur-reply on October 6, 2009, in which they pointed out that Rule 26 does not specify what is meant by a case name, and that a case name to a doctor performing an independent medical examination is the name of the patient. Dr. Reecer stated in an affidavit accompanying the sur-reply that the information about his previous testimony that had been disclosed was the extent of the information found in his files. Moreover, if the Court were to find that the list was inadequate, Plaintiffs asked the Court for an additional thirty days to obtain and disclose the additional information.

Imbedded as it was in the sur-reply, the Court did not discover the motion for additional time before Plaintiffs, on November 5, 2009, submitted a list of cases including the name of each plaintiff and defendant, the case number, and the court in which it was filed. On November 19, 2009, Defendant filed a motion to strike the new list and to exclude the testimony of Dr. Reecer, on the grounds that it had been disclosed more than forty-five days after it was originally due. On December 1, 2009, Judge Nuechterlein denied the motion to strike, finding that the delayed disclosure of the detailed list had not prejudiced Defendant. Defendant filed no objection to Judge Nuechterlein's Order.

**B.     Discussion**

**1.     The List of Cases**

Federal Rule of Civil Procedure 72 provides that when a nondispositive pretrial matter is

2

decided by a magistrate judge, a party may serve and file objections to the order withing fourteen days after being served with a copy; a party may not assign as error a defect in the order not timely objected to. Because Defendant failed to object, Judge Nuechterlein's ruling has become the law of this case. Moreover, the Court agrees with Judge Nuechterlein that Defendant has not been prejudiced by Plaintiffs more detailed disclosure, after the deadline, of the cases in which their expert has testified. Accordingly, the Court will not exclude Dr. Reecer's expert testimony on that ground.

**2.     The Substance of Dr. Reecer's Report**

In his revised report of September 17, 2009, Dr Reecer states that before the collision of December 21, 2006, there was no documentation of any history of back symptoms for Mairaj Uddin (who was sixteen or seventeen at the time of the accident). Following the accident, he complained of back pain. Tenderness and muscle spasms were documented. Dr. Reecer noted that Dr. Chaudry eventually ordered a CT scan of the lumbar spine which documented lumbar disc herniation. He opined that Mairaj Uddin's back pain is directly and causally related to the collision, stating that the mechanism of injury is consistent with the development of back pain. He supported his conclusion with the observations that the onset of the pain was documented within a reasonable period of time after the collision; that Mairaj Uddin's reports of intermittent back and leg pain following the collision were consistent with the lumbar disc herniation that was ultimately discovered; and that his subjective complaints were consistent with the objective findings on the CT scan.

The Court finds that Dr. Reecer's report is sufficiently detailed to meet the requirements

3

of Rule 26. The report refers to the onset of symptoms following the collision, with no other history to account for them, and the consistency between Mairaj Uddin's subjective symptoms and the objective findings, to support Dr. Reecer's conclusion that his back pain resulted from the collision. Contrary to Defendant's claim, this is more than a *post hoc ergo propter hoc* conclusion.

**C.     Conclusion**

For the foregoing reasons, Defendant's motion to exclude expert testimony (DE 15) is DENIED.

SO ORDERED on June 1, 2010.

s/ Joseph S. Van Bokkelen  
Joseph S. Van Bokkelen  
United States District Judge  
Hammond Division